NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003037
13-JAN-2014
11:12 AM

NO. CAAP-13-0003037

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

FRANCIS M. SHYANGUYA, Plaintiff-Appellant,
v.
EMPLOYMENT SECURITY APPEALS REFEREES' OFFICE (ESARO), et al.,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0149)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal in appellate court case number CAAP-13-0003037 that Appellant-Appellant Francis M. Shyanguya (Appellant Shyanguya) has asserted from the Honorable Rhonda A. Nishimura's July 23, 2013 post-judgment order denying Appellant Shyanguya's June 27, 2013 post-judgment motion for entry of

finding of fact and conclusions of law pursuant to Rule 52 of the Hawai'i Rules of Civil Procedure (HRCP), because Appellant Shyanguya's appeal in appellate court case number CAAP-13-0003037 is untimely under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP).

Hawaii Revised Statutes (HRS) § 91-15 (1993) provides that "[r]eview of any final judgment of the circuit court under this chapter shall be governed by chapter 602." HRS § 91-15 (1993). The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2012). The law provides that "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a) (1993 & Supp. 2012). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 72(k)[1] requires that, upon a circuit court's determination of an administrative appeal, "the court having jurisdiction shall enter judgment[.]" Therefore, the separate document rule under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), applies to an administrative appeal before a circuit court. See, e.g., Raquinio v. Nakanelua, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in Jenkins apply to

---

[1]    Rule 81(e) of the Hawai'i Rules of Civil Procedure requires that the Hawai'i Rules of Civil Procedure "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). Under the separate judgment document rule, "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). The circuit court's June 20, 2013 judgment resolved all claims in the circuit court by entering judgment in favor of and against the appropriate parties, and, thus, the June 20, 2013 judgment appears to satisfy the requirements for an appealable final judgment under HRS § 91-15, HRS § 602-57(1), and HRS § 641-1(a).

Pursuant to HRAP Rule 4(a)(3),[2] Appellant Shyanguya extended the initial thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal from the June 20, 2013 judgment when Appellant Shyanguya filed the June 27, 2013 HRCP Rule 52 post-judgment motion for entry of findings of fact and conclusions of law within ten days after entry of the June 20, 2013 judgment, as HRCP Rule 52 required for such a motion. However, Appellant Shyanguya did not file his August 23, 2013

_____

[2]     Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure provides:

(3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

(Emphases added).

notice of appeal within thirty days after entry of the July 23, 2013 post-judgment order denying Shyanguya's June 27, 2013 HRCP Rule 52 post-judgment motion for entry of findings of fact and conclusions of law, as HRAP Rule 4(a)(3) required for a timely appeal. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Consequently, we lack appellate jurisdiction over the untimely appeal in appellate court case number CAAP-13-0003037. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0003037 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 13, 2014.

Presiding Judge

Associate Judge

Associate Judge

-4-